UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIMOTHY WILLIAMS,<br>        Defendant. | Case No.: 1:22-cr-00265-RC-1<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PREJUDICIAL WORDS AND PHRASES** |

COMES NOW, Timothy Williams, by and through undersigned counsel, and respectfully requests the entry of an order limiting the government's use of certain words or terms at trial. Mr. Williams seeks to prevent the government from using the following terms: "Rioters," "Breach," "Confrontation," "Anti-Government Extremism," "insurrectionists," and "mob." Mr. Williams also seeks to limit the government from referencing Mr. Williams as an "Anti-government extremist" or utilizing captions on photos, videos, or exhibits referencing the same. In support, the following is stated:

> A. **The References to Rioters, Breach, Confrontation, Mob, Anti-Government Extremism and/or Insurrectionist(s).**

Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c). The term "statement" includes both oral and written assertions. Fed. R. Evid. 801(a). Hearsay evidence is inadmissible unless authorized by another rule or statute. Fed. R. Evid. 802.

*United States v. Timothy Williams*
Case No. 1:22-cr-00265-RC-1

Defendant's MOTION IN LIMINE TO PRECLUDE
PREJUDICIAL WORDS AND PHRASES
Page -1-

IN LIMINE WORDS23/01/08 07:52:53

Joseph R. Conte
Law Office of J.R. Conte
8251 NW 15th Ct
Coral Springs, FL 33071
Phone: 202.236.1147
Email: dcgunlaw@gmail.com

"Hearsay is generally inadmissible as evidence because it is considered unreliable." *United States v. Lozado*, 776 F.3d 1119, 1121 (10th Cir. 2015) (citing *Williamson v. United States*, 512 U.S. 594, 598 (1994)).  The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. The Clause precludes the government from introducing even otherwise admissible hearsay. *Crawford v. Washington*, 541 U.S. 36 (2004).

If these terms are included on a video, photo, or other item of evidence, or referenced, while the time and location of a video recording might not be hearsay or generate a Confrontation Clause problem, statements such as "Rioters approach," "Breach," "Confrontation," "Police Line,"  do because they are testimonial.

Opinion testimony is not helpful, if the opinion is one that the witness is in no better position to render than the jurors themselves. *United States v. Garcia-Ortiz*, 528 F.3d 74, 79–80 (1st Cir. 2008); *United States v. Wantuch*, 525 F.3d 505,514 (7th Cir. 2008).  Nor should opinion testimony usurp the fact-finding role of the jury or in this case the Judge. *United States v. Garcia,* 413 F.3d 201, 210–11 (2d Cir. 2005); *United States v Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004).

> **B.     Any Reference to Mr. Williams Being an Anti-Government Extremist Should not be Permitted.**

The Defendant has reason to believe that the Government may

*United States v. Timothy Williams*
Case No. 1:22-cr-00265-RC-1

Defendant's  MOTION IN LIMINE TO PRECLUDE
PREJUDICIAL WORDS AND PHRASES
Page -2-

IN LIMINE WORDS23/01/08 07:52:53

Joseph R. Conte
Law Office of J.R. Conte
8251 NW 15th Ct
Coral Springs, FL 33071
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

attempt to introduce evidence, make prejudicial statements, or ask prejudicial questions about the character of the defendant when character is not in issue and has no relevance to the crimes charged. Under the Federal Rules of Evidence, the Government may not introduce specific instances of character of the Defendant, and it may not introduce any evidence of the character of the defendant unless Defendant has raised such evidence and it is a "pertinent" trait to the case. Fed. R. Evid. 404(a) (2)(A) (requiring evidence against victim to be "pertinent"); Fed. R. Evid. 405 (limiting evidence of specific conduct to cases in which character is "an essential element of a charge, claim, or defense").  Here, the character of the defendant and his views about the government is irrelevant to any of the listed charges and is therefore not "pertinent." Accordingly, the Court should order the Government not to make any statements about the character of the Defendant without leave of the Court.

  Additionally, said attempted use fails §403 analysis. The use of this information seeks to inflame the trier of fact and the ability to render a fair, impartial verdict. The Government seeks to admit this information, the label they put on Mr. Williams from the beginning of the investigation into his January 6th conduct, to establish that anti-government extremism makes Mr. Williams anti-law enforcement as well, which could not be further from the truth.  As this evidence is of little relevance to begin with, the danger of its use far outweighs its probative value. The evidence is not related to any of the key disputes in this case, it is not

*United States v. Timothy Williams*  
Case No. 1:22-cr-00265-RC-1  

Defendant's MOTION IN LIMINE TO PRECLUDE  
PREJUDICIAL WORDS AND PHRASES  
Page -3-  

IN LIMINE WORDS23/01/08 07:52:53

Joseph R. Conte  
Law Office of J.R. Conte  
8251 NW 15th Ct  
Coral Springs, FL 33071  
Phone: 202.236.1147  
Email: dcgunlaw@gmail.com

important to resolving an issue in this cause, and the evidence is not needed by the Government to seek to prove any issues in this cause.

### CONCLUSION

Based on the foregoing reasons and such other reasons which may appear just and proper, counsel respectfully requests this Honorable Court grant this motion *in limine* and Grant any and all other relief deemed equitable and fair by this Honorable Court.

Dated:  January 8, 2023

_____
Joseph R. Conte
Counsel for Timothy Williams
Law Office of J.R. Conte
8251 NW 15th Ct.
Coral Springs,  FL 33071
Phone:   202.236.1147

*United States v. Timothy Williams*
Case No. 1:22-cr-00265-RC-1

Defendant's  MOTION IN LIMINE TO PRECLUDE
PREJUDICIAL WORDS AND PHRASES
Page -4-

IN LIMINE WORDS23/01/08 07:52:53

Joseph R. Conte
Law Office of J.R. Conte
8251 NW 15th Ct
Coral Springs, FL  33071
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com