UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-cr-265 (RC) |
| v. : | |
| : | |
| TIMOTHY WAYNE WILLIAMS, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE PREJUDICIAL WORDS AND PHRASES

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion *in Limine* to Preclude Prejudicial Words and Phrases ("Def.'s Mot."), ECF No. 53. Defendant Timothy Wayne Williams, who is charged in connection with events at the U.S. Capitol on January 6, 2021, requests that the Court "limit[] the government's use of certain words or terms at trial[,]" namely, "the following terms: 'Rioters,' 'Breach,' 'Confrontation,' 'AntiGovernment Extremism,' 'insurrectionists,' and 'mob.'" Def.'s Mot. at 1. The defendant also requests that the government be precluded "from referencing [the defendant] as an 'Anti-government extremist' or utilizing captions on photos, videos, or exhibits referencing the same." *Id.* But really, the defendant's motion asks that the Court prevent the government from using language and evidence that accurately establishes and describes the defendant's crimes. The material the defendant seeks to exclude fairly describes the riot, rioters, the defendant's conduct, and other rioters' conduct, and the Court should deny his motion.

The defendant advances a hodgepodge of arguments related to these terms and references. The defendant first asserts that the Court should bar the terms "rioters," "breach," "confrontation," "anti-government extremism," "insurrectionists," and "mob" because "[i]f these terms are

included on a video, photo, or other item of evidence, or referenced, while the time and location of a video recording might not be hearsay or generate a Confrontation Clause problem, statements such as 'Rioters approach,' 'Breach,' 'Confrontation,' 'Police Line,' do because they are testimonial." Def.'s Mot. at 1.  The defendant further contends that the government should not be permitted to refer to him as "an Anti-Government Extremist" because doing so would be prejudicial, irrelevant, and would impermissibly implicate the defendant's character.  Ultimately, none of the defendant's arguments concerning any of the terms he identifies warrant preclusion of those terms' use.

First, the defendant misunderstands the application of the hearsay rules and the Confrontation Clause to his requested relief.  The rule against hearsay applies to out-of-court statements made by a declarant—not isolated terms or language that the defendant does not like.  *See* Fed. R. Evid. 801(c).  And the Confrontation Clause similarly applies to "'testimonial' statement[s ] that [are] 'made under the circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'"  United States v. Wills, No. 18-cr-117 (PLF), 2018 WL 6716096, at *5 (D.D.C. Dec. 21, 2018) (quoting Crawford v. Washington, 541 U.S. 36, 52 (2004)).  The defendant fails to explain how the terms he identifies would qualify as statements for hearsay and confrontation purposes.  Moreover, without being a part of a statement made by a particular declarant, the terms identified by the defendant are not ripe for this type of analysis.

Second, as to all of the language and potential references the defendant specifies, their use should not be precluded as automatically irrelevant and prejudicial.  "Evidence  is relevant if [ ] it has any tendency to make a factor more or less probable than it would be without evidence[ ] and [ ] the fact is of consequence in determining the action." Fed. R. Evid. 401.  "The general rule is

that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (quoting Fed. R. Evid. 403, advisory committee's note). By their very nature, criminal charges involve an accusation that someone has wronged another person or has wronged society. Accordingly, such charges arouse emotion—and there is nothing improper about that. Indeed, while cautioning against prosecutorial misconduct in *United States v. Berger*, the Supreme Court simultaneously recognized that "[t]he United States Attorney . . . may prosecute with earnestness and vigor—indeed, he should do so." *Berger*, 295 U.S. 78, 88 (1935). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (*quoting United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). When a prosecutor's comments fairly characterize the offense, fairly characterize the defendant's conduct, and represent fair inferences from the evidence, they are not improper. *Cf. Rude*, 88 F.3d at 1548 (the use of words like victim, deceit, outlandish, gibberish, charlatan, and scam was not improper); *Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995) ("[T]here is no rule [of evidence or ethics] requiring the prosecutor to use a euphemism for [a crime] or preface it by the word 'alleged.'"). Additionally, the Federal Rules of Evidence do not require the government "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C. Cir. 1998).

The government should not be required to dilute its language and step gingerly around the defendant's crimes. What took place on January 6, 2021, was in fact a riot involving rioters, and

an attack on the United States Capitol, the government of the United States, and American democracy. Indeed, after carefully considering the facts of other January 6 cases, many other members of this Court have recognized the riot as just such an attack. *See*, *e.g.*, *United States v. Mostofsky*, 1:21-cr-138 (JEB), Sent. Tr. at 40–41, May 6, 2022 (describing the riot as an "attack," describing the Capitol as "overrun," and describing Mostofsky and other rioters as engaged in "an attempt to undermine [our] system of government."); *United States v. Rubenacker*, 1:21-cr-193 (BAH), Sent. Tr. at 147–48, May 26, 2022 (describing the defendant as "part of this vanguard of people storming the Capitol Building" as part of the initial breach, and finding that his conduct "succeeded, at least for a period of time, in disrupting the proceedings of Congress to certify the 2020 presidential election"); *United States v. Languerand*, 1:21-cr-353 (JDB), Sent. Tr. at 33–34, January 26, 2022 ("[T]he effort undertaken by those who stormed the Capitol . . . involved an unprecedented and, quite frankly, deplorable attack on our democratic institutions, on the sacred ground of the United States Capitol building, and on the law enforcement officers who were bravely defending the Capitol and those democratic values against the mob of which the defendant was a part."). This specific language is not hyperbole; rather, these findings used vivid and violent language because they described a visceral and violent event. So, too, will prosecutors need to use appropriate language—and not euphemisms—to describe the nature and gravity of the defendant's conduct.

Finally, the defendant raises a character evidence argument, Def.'s Mot. at 3, that is inexact and without merit. Under the federal rules, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed R. Evid. 404(a)(1). The prosecution can offer evidence to rebut character evidence offered by the defendant regarding "the defendant's pertinent trait." Fed. R. Evid.

404(a)(2)(A). Where character evidence is admissible, it can be proved by reputation testimony, opinion testimony, or—where a character trait is an essential element of a charge claim or defense—specific instances of conduct. Fed. R. Evid. 405(a), (b). The defendant fails to explain how these rules justify the preclusion of the use of certain *terms* in referencing him. The government fully intends to adhere to the character evidence rules, but they are simply inapplicable to the defendant's request: a complete bar on the government's use of *language*. Accordingly, this argument also fails.

In any event, an advanced determination on all of these issues is unnecessary because this case is set for a bench trial, rather than a jury trial. As both the "factfinder and the gatekeeper[,]" *see In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006), the Court is primely positioned to consider the use of these terms and references when "better informed by the context, foundation, and relevance" in which they are presented, *see 1443 Chapin St., LP v. PNC Bank, N.A.*, No. 08-cv-1532 (CKK), 2012 WL 13225423, at *1 (D.D.C. Aug. 14, 2012) ("In the context of a bench trial in particular, the need for an advanced ruling is generally unnecessary.").

For the reasons stated above, the defendant's motion should be denied.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar Number 481052

                */s/ James D. Peterson*
                JAMES D. PETERSON
                Special Assistant United States Attorney
                VA Bar No. 35373
                United States Department of Justice
                1331 F St. NW 6th Floor
                james.d.peterson@usdoj.gov
                Desk: (202) 353-0796
                Mobile: (202) 230-0693

*/s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
