**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No.: 22-265 (RC) |
| | : | |
| v. | : | Re Document Nos.:   46, 47 |
| | : | |
| TIMOTHY WAYNE WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

### ORDER

**DENYING DEFENDANT'S MOTION FOR TRANSFER; DENYING DEFENDANT'S MOTION TO DISMISS MULTIPLICITOUS COUNTS**

### INTRODUCTION

Defendant Timothy Wayne Williams is charged with four misdemeanor counts arising out of his alleged participation in the riot at the Capitol on January 6, 2021.  Specifically, the government charged Defendant by information with: (1) entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); (2) disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2); (3) disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) parading, demonstrating or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G).  *See* Information, ECF No. 42.  Now before the Court are Defendant's motions for transfer and to dismiss the multiplictous counts.  *See* Def.'s Mot. for Transfer ("Mot. to Transfer"), ECF No. 46; Def.'s Mot. to Dismiss Multiplicitous Counts ("Mot. to Dismiss"), ECF No. 47.  The government opposes both motions.  *See* ECF Nos. 51, 52.  The motions are ripe for decision.  For the reasons stated below, the Court will deny both motions.

The Court denies Defendant's motion to transfer as moot.  The motion seeks to transfer the case to the District of Colorado because, according to Defendant, he cannot obtain a fair and

impartial jury trial in this District. Mot. to Transfer at 2. Defendant, however, has since waived his right to a jury trial, ECF No. 48, and concedes that his waiver moots the motion, ECF No. 52 at 1. Accordingly, the Court denies this motion as moot.

      The Court also denies Defendant's motion to dismiss. The Double Jeopardy Clause of the U.S. Constitution prohibits multiplictous charges. *See United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010). "To determine multiplicity vel non, courts generally apply the *Blockburger* test: '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other." *Id.* at 888 (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999)); *see generally Blockburger v. United States*, 284 U.S. 299 (1932). The Court performs this analysis by "look[ing] solely to the statutes, rather than the facts of a particular matter, to see if 'each . . . requires proof of a fact which the other does not.'" *United States v. Wheeler*, 753 F.3d 200, 209 (D.C. Cir. 2014) (quoting *Mahdi*, 598 F.3d at 888).

      Here, Defendant claims without any analysis that "[t]he four counts of the information expose the defendant to double, and even triple jeopardy for the same alleged acts." Mot. to Dismiss at 2. The Court disagrees. Two different judges in this District have rejected multiplicitous arguments in January 6 cases that charge similar counts as here. *See United States v. Macandrew*, No. 21-cr-730, 2022 WL 17983533 (D.D.C. Dec. 27, 2022); *United States v. Ballenger*, No. 21-cr-719, 2022 WL 14807767 (D.D.C. Oct. 26, 2022). *Macandrew* is particularly instructive because it involved the same four misdemeanor counts as this case, which were also charged in the same order as here: 18 U.S.C. § 1752(a)(1) (Count I); 18 U.S.C. § 1752(a)(2) (Count II); 40 U.S.C. § 5104(e)(2)(D) (Count III); and 40 U.S.C. § 5104(e)(2)(G)

(Count IV).  Applying *Blockburger*, *Macandrew* helpfully laid out the elements of each count in a chart and observed the following:

> The differences between these charges are myriad, but the Court will note a few. Only Count 4 criminalizes parading, demonstrating, or picketing, so it is distinct from the rest.  Counts 3 and 4 are distinct from Counts 1 and 2 because they require a showing of willfulness.  Counts 3 and 4 also differ from Counts 1 and 2 because the latter criminalize conduct in a Capitol building or area no matter whether it is also a "restricted area" when the prohibited conduct occurred.  Count 2 is distinct from Count 1 because it requires a showing of specific intent where Count 1 does not, and because Count 2 criminalizes different conduct from Count 1.

*Id.* at *1 (internal citations omitted).  The court therefore concluded that "no one count in the Superseding Information is multiplicative of the other."  *Id.*  The Court finds this analysis persuasive and applies it to this case to reach the same result.  Accordingly, the Court denies Defendant's motion to dismiss.  It is hereby:

**ORDERED** that Defendant's Motion for Transfer (ECF No. 46) is **DENIED AS MOOT**; and it is

**FURTHER ORDERED** that Defendant's Motion to Dismiss Multiplicitous Counts (ECF No. 47) is **DENIED**.

**SO ORDERED**.

Dated:  January 24, 2023                                                                  RUDOLPH CONTRERAS
                                                                                                              United States District Judge