# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIMOTHY WAYNE WILLIAMS,<br><br>             Defendant | Case No.: 1:22:cr-00265 RC-1<br><br>**MEMORANDUM IN AID OF SENTENCING** |

COMES NOW, Timothy Wayne Williams, through counsel, Joseph Conte, pursuant to Federal Rule of Criminal Procedure 32 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of probation with home confinement and community service.

## IMPOSITION OF SENTENCE

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

In determining the sentence to be imposed this court must consider the §3553(a) factors. Those are:

**A. The Nature and Circumstances of the Offense.**

*United States v. Timothy Wayne Williams*
Case No. 1:22-cr-00265 RC-1

Memorandum in Aid of Sentencing
Page No. 1

SENT MEMO RIOT 23/06/14 06:34:47

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

Mr. Williams plead guilty to Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C §1752(a)(1) and Theft of Government Property in violation of 18 U.S.C. §641.  Both charges are Class A misdemeanors.  Mr. Williams had strongly held beliefs after the Presidential election that there had been irregularities in the election that were not proper. He decided to come to D.C. to *peacefully* protest the results of the election and the lack of attention to alleged voting irregularities. He did so with no intent to do anything but add his voice to the vocal protests over the injustice he perceived had happened in the election. He was not armed, and he committed no violent actions in his peaceful protest.  Admittedly Mr. Williams entered the Capitol, however, Mr. Williams did not destroy anything.  Mr. Williams's only desire was to participate in a democratic process that is protected under the 1st Amendment of our Constitution.  While in the Capitol he picked up an abandoned backpack containing a U.S. Capitol Police riot helmet.  Unfortunately, going into the Capitol was not part of that democratic process and he now stands before the court having pleaded guilty to entering a restricted building and theft of government property.

**B.     History and Characteristics of the Defendant.**

Mr. Williams is 30 years old and a resident of Colorado.  Mr. Williams has had contact with the criminal justice system.  However, his last contact was over 13 years ago when Mr. Williams was only 26 years old.  Mr. Williams is employed part-time.  He has been told that a full0time management position is available to him after this case is resolved.  Mr. Williams is in a relationship with Heather Hughes and considers her two children as his own.  Mr. Williams accepts full responsibility for his actions on January 6.

*United States v. Timothy Wayne Williams*
Case No. 1:22-cr-00265 RC-1

Memorandum in Aid of Sentencing
Page No. 2

SENT MEMO RIOT 23/06/14 06:34:47

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

**C.     The Need for the Sentence imposed –**

      **1.     To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

The offenses Mr. Williams pleaded guilty to are misdemeanors.  A period of probation with home confinement and community service will still reflect the seriousness of the offense, promote respect for the law and provide just punishment.  As the Supreme Court has noted probation involves a "substantial restriction of freedom." *United States v. Gall,* 128 S.Ct. 586, 595 (2007).  "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 583 US. 868, 874 (1987).

      **2.     To afford Adequate Deterrence to Criminal Conduct, and**

      **3.     To Protect the Public from Further Crimes of the Defendant.**

Mr. Williams' arrest and conviction has brought a dramatic change to his life, and he is highly unlikely to commit any further offenses.  Probation with home confinement and community service will afford the deterrence from criminal conduct and protect the public from further crimes.

*United States v. Timothy Wayne Williams*
Case No. 1:22-cr-00265 RC-1

Memorandum in Aid of Sentencing
Page No. 3

SENT MEMO RIOT 23/06/14 06:34:47

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

### 4. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

Mr. Williams does not require educational or vocational training. Nor does he require medical care or other correctional treatment.

### D. The Kind of Sentences Available, and
### E. The Kinds of Sentence and the Sentencing Range Established By the Guidelines.

As this is a Class A misdemeanor the Federal Sentencing Guidelines do apply. Mr. Williams' offense level is 9 and he is in Criminal History Category IV. The sentencing range is 12-18 months. The offense is in Zone C of the guidelines. The court must consider the guidelines however the court is free to impose any sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

### F. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

A sentence of probation with home confinement and community service would not constitute an unwarranted sentence disparity.

*United States v. Timothy Wayne Williams*
Case No. 1:22-cr-00265 RC-1

Memorandum in Aid of Sentencing
Page No. 4

SENT MEMO RIOT 23/06/14 06:34:47

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

## CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996).  The defendant's case is unique.  He is a 40-year-old offender caught up in the madness that was January 6.  As set out above a sentence of probation with home confinement and community service will satisfy the 18 U.S.C. §3553(a) factors.

Dated:  June 14, 2023

                                          Respectfully submitted,

                                          _____
Joseph R. Conte, Bar #366827
Counsel for Timothy Wayne Williams
Law Office of J.R. Conte
8251 NW 15th Ct.
Coral Springs, FL  33071
Phone:          202.236.1147
E-mail:         dcgunlaw@gmail.com

*United States v. Timothy Wayne Williams*
Case No. 1:22-cr-00265 RC-1

Memorandum in Aid of Sentencing
Page No. 5

SENT MEMO RIOT 23/06/14 06:34:47

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone: 202.236.1147
Email: dcgunlaw@gmail.com